

**FILED**

FEB 2 4 2015

U.S. COURT OF
FEDERAL CLAIMS

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-------------------------------------------------

IRIS CORPORATION BERHAD,

    Plaintiff

   V.       No._____

THE UNITED STATES,

    Defendant

-------------------------------------------------

15 - 175 C

### **COMPLAINT**

<u>A - INTRODUCTION</u>

  1.  IRIS CORPORATION BERHAD ("IRIS") is a Malaysian Corporation with its principal place of business in Kuala Lumpur, Malaysia.

  2.  Among other things, IRIS manufactures contact and contactless smart cards and contactless document inserts (such as those used in electronic passports). IRIS invented and introduced the world's first electronic passport with the implementation of the Malaysian Electronic Passport in March 1998. An application for a United States patent covering a method of manufacturing an electronic passport (among other things) was filed with the US Patent office on October 14, 1997. U.S. Patent No. 6,111,506, (the "'506 patent") subsequently issued to IRIS, as assignee, on August 29, 2000. A copy of the '506 patent is attached as Exhibit A.

  3.  Around the time that the Malaysian Government adopted the IRIS electronic passport, IRIS attempted to interest other national governments around the world, including the United States, to adopt an electronic passport as an

alternative to the standard type of passports in general use at the time.  No government other than the government of Malaysia was interested.  The United States did, however, send an agent or agents of the US Immigration and Naturalization Service to Kuala Lumpur to visit IRIS and to observe the operation of Malaysia's electronic passport system. A copy of a letter from Neville W. Cramer, Special Agent-in-Charge, Overseas Enforcement Unit, concerning US interest in the IRIS Malaysian electronic passport system is attached as Exhibit B.  Nevertheless the United States continued to issue non-electronic passports.

4.      On September 11, 2001 the United States was attacked.

5.      Shortly thereafter, among the heightened security measures implemented in response to the attack, the United States adopted an electronic passport as its standard, eventually eliminating the production of non-electronic passports.  In addition, the United States adopted the Enhanced Border Security Act, (8 U.S.C. § 1221, *et seq.*) which, among other things, requires airlines to provide United States officials with information about persons arriving into and departing from the United States.  The Act's implementing regulations require that airlines examine passenger travel documents, (19 C.F.R. § 122.75(a)(d)).  In compliance with the aforementioned statute and regulations, airlines with check-in facilities in the United States examine passports of all passengers departing on their respective international flights.

6.      In 1986 the United States established what is known as the "Visa Waiver Program".  That program permits holders of passports from specifically designated countries to enter the United States without obtaining a visa.  In May

2002 the United States required nations participating in the U.S. Visa Waiver Program to develop electronic passports, and as of October 26, 2006, a traveler must have an electronic passport to be eligible to enter the United States under the Visa Waiver Program. A list of countries currently participating in the U.S. Visa Waiver Program is provided on Exhibit C, an Electronic System for Travel Authorization (known as "ESTA") Visa Waiver internet site screen shot. A list of all countries issuing electronic passports is provided by a screen shot from the International Civil Aviation Organization (ICAO) internet site, attached as Exhibit D.

7.     Upon information and belief none of the inlays containing the chip used in the electronic passports for the countries listed in Exhibits C or D are being or have been manufactured in the United States.

8.     Upon information and belief inlays containing the chip used in electronic passports issued by the United States have been manufactured in Thailand by Smartrac, a Netherlands corporation.

9.     Upon information and belief the following are the only countries that have been supplied with electronic passport inlays manufactured by IRIS: Malaysia, Cambodia, Nigeria, Thailand, Turkey, Senegal, Bahamas, Maldives and Guinea.

10.     Upon information and belief all electronic passport inlays that have been in use since the issuance of the '506 patent have been manufactured according to the method, or to an equivalent of the method, disclosed and claimed by said '506 patent.

11.     Upon information and belief the United States Department of State has been issuing and using U.S. electronic passports that have manufactured outside

the United States according to one or more claims of the '506 patent by a company that has not been authorized by IRIS to practice said method.

12.     Upon information and belief agents of the United States Government use U.S. and foreign electronic passports that have been manufactured outside the United States according to one or more claims of the '506 patent by a company that has not been authorized by IRIS to practice said method when government agents examine passports at US entry points, including but not limited to airports and other facilities.  Such agents include, among others, Transport Security Administration (TSA) employees, and U.S. Customs and Border Protection employees.

13.     Upon information and belief numerous airlines having check-in counters at US located airports provide flights to international destinations, and therefore, in compliance with the Enhanced Border Security Act and its implementing regulations, examine departing passengers' passports including US and foreign passports that have manufactured outside the United States according to one or more claims of the '506 patent by a company that has not been authorized by IRIS to practice said method.  Said airline operators, by way of example, include, but are not limited to:  Aer Lingus, Air France, American Airlines, All Nippon Airlines, British Airways, Cathay Pacific, Delta, Japan Airlines,  Lufthansa, and United Airlines.

14.     The use of a product inside the United States, such as an electronic passport, that has been manufactured outside the United States according to a method covered by a United States patent constitutes an act of patent infringement

under 35 U.S.C. § 271(g), when such use is not being done by or on behalf of the United States Government.

15.     The use of a product inside the United States, such as an electronic passport, that has been manufactured outside the United States according to a method covered by a United States patent when manufactured for the United States Government and/or used by and/or for the United States Government entitles the owner of said patent to file a complaint for compensation in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498 (a).


B – JURISDICTION

16.     This is a claim for compensation for use of IRIS' invention described in and covered by the '506 patent by and for the Government of the United States, without license or lawful right to use.  Jurisdiction is authorized by 28 U.S.C. § 1498(a).

17.     IRIS is a Malaysian corporation.  Upon information and belief the condition precedent to this Court's jurisdiction per 28 U.S.C. § 2502(a) is satisfied in that citizens of the United States have the right to prosecute claims against the Government of Malaysia in courts of competent jurisdiction in Malaysia.

18.     A claim for compensation from the United States Government pursuant to 23 U.S.C. § 1498(a)  for acts constituting infringement under 35 U.S.C. § 271(g) is permitted per the Federal Circuit *en banc* decision in *Zoltek Corp. v. United States*, 672 F.3d 1309 (Fed.Cir. 2012).

19.     Issuance of electronic U.S. Passports by the United States Department of State and examination of U.S. and foreign electronic passports by employees of the United States at airports and other facilities and border entrances of electronic passports manufactured overseas according to IRIS' '506 patented method falls within 28 U.S.C. 1498(a) entitling IRIS to compensation.

20.     Examination of U.S. passports at airline check-in facilities located in the United States by employees of airlines operating international flights from the United States constitutes an act performed for the United States Government, as per the Federal Circuit decision in *Iris Corporation v. Japan Airlines*, 769 F.3d 1359 (Fed.Cir. 2014), thus authorizing IRIS to claim compensation from the U.S. Government under 28 U.S.C. § 1498(a).

21.     The facts detailed in this complaint, when stated to be "upon information and belief" constitute allegations that are likely to have further evidentiary support after a reasonable opportunity for further investigation or discovery and are set forth herein pursuant to RCFC 11(b)(3).

## C - CLAIM FOR COMPENSATION  and DEMAND FOR RELIEF

22.     IRIS is in the business of, among other things, manufacturing and selling electronic passport inlays.   The selling price, cost, and gross profit margins are confidential and will be provided at the appropriate time under seal.   IRIS avers that a reasonable compensation for the unlicensed manufacture and use as aforesaid should be based upon the profit IRIS would have made had IRIS

manufactured each of the electronic passport inlays that form the subject matter of the instant complaint. By this complaint IRIS seeks damages based upon the aforementioned reasonable compensation formula.

**WHEREFORE:**

Plaintiff demands judgment against the United States:

1. Of reasonable compensation based upon the profits that IRIS would have made had IRIS manufactured each of the electronic passport inlays that form the subject matter of the instant complaint; with,

2. Such other and further relief as this Court deems proper.

Dated:  New York, New York
February  21, 2015

Stephen Norman Weiss, Esq.
Attorney for IRIS CORPORATION BERHAD

1601 Broadway – 12th Floor
New York City, NY  10019
email: stephen@snweisslaw.com
phone: (646) 801-0371
fax:     (917) 591-4859

Edmund J. Ferdinand III, Esq.
Ferdinand IP, LLC
129 Post Road East
Westport, CT  06880
(203) 557-4224