## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

```
-----------------------------------------------X
IRIS CORPORATION BERHAD,          :
                                  :
           Plaintiff,             :
                                  :
           V.                     :    15-175C
                                  :
UNITED STATES OF AMERICA,         :    Judge Eric G. Bruggink
                                  :
           Defendant.             :
-----------------------------------------------X
```

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS IRIS' FIRST AMENDED COMPLAINT

Stephen Norman Weiss
Law office of Stephen Norman Weiss
600 Third Avenue – Second Floor
New York, NY  10016
stephen@snweisslaw.com
Telephone:   (646) 801-0371
Facsimile:   (917) 591-4859

July 3, 2018                COUNSEL FOR IRIS CORPORATION BERHAD

**Bullet Point Summary**

As set forth in more detail below, Defendant's Motion to Dismiss Iris' First Amended Complaint should be denied because:

**1.** Defendant's motion is based upon the assumption that plaintiff has waived literal infringement and is <u>only</u> asserting infringement under the doctrine of equivalents. That alleged waiver never happened. Neither the First Amended Complaint nor any admission, discovery response or prior or subsequent pleading or proceeding has limited plaintiff to a doctrine of equivalents infringement contention.

2. Defendant's motion is based upon the further assumption that were plaintiff to pursue an alternative theory of infringement in its contentions due September 1, 2018 based upon the doctrine of equivalents, plaintiff has limited itself to <u>only one</u> of the three exceptions to the applicability of any prosecution history estoppel affirmative defense, that is, to the tangentiality exception. IRIS never limited itself to that one exception. Neither the First Amended Complaint nor any admission, discovery response or prior or subsequent pleading or proceeding has limited plaintiff to the tangentiality exception or prevented IRIS from asserting one or more of the other two exceptions provided by applicable case law.

**I.      Introduction**

Defendant's motion to dismiss plaintiff's First Amended Complaint, docket entry 39, (hereinafter "Amended Complaint"), for failure to state a claim upon which relief can be granted places one issue before this court:  Assuming everything as

1

alleged in the Amended Complaint is true, does this court have the power to grant the relief requested? Gharb v. United States, 112 Fed. Cl. 94 (2013),

> "When considering an RCFC 12(b)(6) motion, the court "must determine 'whether the claimant is entitled to offer evidence to support the claims,' not whether the claimant will ultimately prevail." Gharb at 97 (quoting Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007)).

see, also, Ashcroft v. Iqbal, 556 U.S. 662 (2009) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Ashcroft at 678.

The Amended Complaint alleges:

(1)  U.S. and foreign electronic passports were manufactured in whole or in part outside the United States, according to one or more claims of plaintiff's U.S. Patent No. 6,111,506 (the "'506 patent"), without license or authorization from the plaintiff, the assignee owner of said patent, and these electronic passports have then been used in the United States by the Government as well as by third parties on behalf of the Government such as by airlines with check-in facilities in the United States. Amended Complaint ¶¶17, 19, 20[1] and,

(2)  U.S. electronic passports have been manufactured within the United States for the U.S. Government, according to one or more claims of plaintiff's '506 patent, without license or authorization from the plaintiff. Amended Complaint ¶18.

---

[1] Defendant discusses plaintiff's original complaint, docket entry no. 1, at p. 2 of its motion.  That original complaint has been superseded by the Amended Complaint and the allegations contained in the original complaint have no binding effect upon plaintiff. Gary v. United States, 67 Fed. Cl. 202 (2005).

These allegations set forth a cause of action under 28 U.S.C. 1498(a), stating facts that would otherwise constitute 35 U.S.C. 271(a) and 35 U.S.C. 271 (g) type infringements in a district court litigation.  Amended Complaint ¶¶25-28.

In addition to the general infringement allegations set forth above, which in and of themselves are sufficient to survive a RCFC Rule 12(b)(6) motion, the Amended Complaint at ¶14 gives specifics of one type of infringement of claim 1 of the '506 patent, infringement under the doctrine of equivalents.  Defendant's motion argues that this paragraph precludes plaintiff from proving literal infringement as well (see defendant's motion at pp. 9, 10), ignoring that the Amended Complaint ¶14 not only starts off with the words "By way of example" (emphasis added), but also ignoring the following paragraph, Amended Complaint ¶15 which unequivocally states:

> *15. The analysis provided above* (in ¶14) *with respect to claim 1 of the '506 patent, upon which claims 2 through and including 7 depend, is intended to provide notice pursuant to the Rules of the Court of Federal Claims, Rule 8, and does not constitute plaintiff's infringement contentions or claims construction positions which will be further articulated pursuant to the time table of a scheduling order governing the instant litigation.* (emphasis added).[2]

It is clear from the foregoing that absent an admission or other binding proceeding or event rising to the level of precluding plaintiff's ability to proceed on these infringement allegations, the Amended Complaint clearly sets forth a claim upon which relief can be granted pursuant to 28 U.S.C. 1498(a).

---

[2] The Scheduling order in this case, document no. 40, entered May 9, 2018, provides for plaintiff's claim chart and proposed claim construction statement to be served on or before September 1, 2018.

No such admission, or other binding proceeding has occurred.[3]

**II.   There have been neither admissions nor subsequent pleadings or proceedings that prevent plaintiff from proving literal infringement or limit plaintiff to any one of the three exceptions to prosecution history estoppel, if prosecution history estoppel were to become an issue in the instant litigation.**

     **A.   The Joint Preliminary Status Report of September 16, 2015.**

In chronological order, the first document relied upon by defendant to detract or otherwise limit the unequivocal language of the Amended Complaint is the Joint Preliminary Status Report filed on September 16, 2015 (docket entry 20), before discovery commenced, and, of course, before the due date for plaintiff's service of its claim construction and infringement contentions. Defendant fails to cite to any authority to support its apparent argument that the Joint Preliminary Status Report binds either party on claim construction and/or infringement contentions.  Not only does defendant fail to point to authority, but defendant misstates the content of the section of the Joint Preliminary Status Report cited by defendant at p. 17, fn. 8 of the defendant's motion at bar.  The Government writes

---

[3] The instant litigation is unlike the cases cited on p. 6 of defendant's motion, Amgen Inc. v. Coherus Biosciences, Inc., No. 17-546, 2018 WL 1517689 (D.Del. Mar. 26, 2018) and Anchor Sales & Marketing, Inc. v. Richloom Fabrics Grp., Inc., No. 15-4442, 2016 WL 4224069 (S.D.N.Y. Aug. 9, 2016).  In both of these cases a Rule 12(b)(6) motion was granted based upon the affirmative defense of prosecution history estoppel. And, in both of these cases, not only did plaintiff specifically limit itself to a doctrine of equivalents infringement contention, as distinguished from the case at bar, (In Anchor, prior to the Rule 12(b)(6) motion, plaintiff had already served a disclosure of asserted claims and infringement contentions advancing only a doctrine of equivalents infringement contention), but in addition, neither of the two cases cited by defendant discuss any of three exceptions to the estoppel affirmative defense provided by Regents of the Univ. of Cal. v. Dakocytomation Cal., Inc., 517 F.3d 1364 (Fed. Cir. 2008).

that IRIS "agrees the presumption of prosecution history estoppel applies but that the 'tangentiality' exception applies".

This is not true.

Here is the exact wording of the cited section: "With respect to the arguments of the United States set forth above, Iris asserts that the doctrine of equivalents <u>may</u> be invoked in the case at bar…" <u>Joint Preliminary Status Report,</u> docket entry 20 at p.4. Iris then cites to <u>Regents of University of Cal. v. Dakocytomation Cal., Inc.</u> 517 F.3d 1364 (Fed. Cir. 2008) which provides for <u>three</u> exceptions to the doctrine of prosecution history of estoppel, only one of which is "tangentiality".

### B. Plaintiff's Responses and Objections to Defendant's First Set of Requests for Admission served February 25, 2016.

The second document relied upon by defendant to detract or otherwise limit the unequivocal language of the Amended Complaint is Plaintiff's Responses and Objections to Defendant's First Set of Requests for Admission served February 25, 2016, attached to defendant's moving papers as defendant's Exhibit A. Defendant's motion on p.4, fn. 4 makes the misleading comment: "Iris has also admitted in discovery responses that schematics and samples representing certain accused products do not literally include a metal ring". Conspicuously absent from defendant's representation of IRIS' response and objections is the caveat IRIS attached to its responses:

> *Iris <u>qualifiedly</u> admits that the structure appears not to literally include a metal ring, but Iris reserves its right to*

5

>   *modify this response <u>pending examination either by</u> Iris' technical personnel <u>and/or Iris' technical expert</u>. (*emphasis added*);* (see for example defendant's response no. 1 at defendant's Exhibit A).

Indeed, defendant was told that the response quoted above notwithstanding, the sample inlays provided to plaintiff to which these responses were addressed are not the accused items. At best, they constituted a Government selected component of the accused products. The accused products are <u>complete electronic passports</u>. Examination of entire electronic passports constituting the subject matter of the litigation, not just defendant's selected component, was required before IRIS could prepare its infringement contentions due September 1, 2018 (Order of May 9, 2018, docket entry number 40). Indeed, each of plaintiff's amended responses to defendant's third set of requests for admissions start with the following objection:

>   *Objects on the ground that this request is outside the scope of RCFC 26(b)(1). The only products forming the subject matter of plaintiff's 28 U.S.C. §1498(a) cause of action relate to United States and foreign passports. This request for admission is addressed to neither.*[4]  [Plaintiff did respond to request after asserting the quoted objection].

The Government was also told that IRIS had been unable to do a complete examination of the sample components provided by defendant, since they were Government marked deposition exhibits.  Examination required alteration (deconstruction) of these exhibits. (See for example Government's Second set of Requests for admission no. 35, and IRIS response thereto, attached as plaintiff's Exhibit 2).

---

[4] See, for example IRIS' response to Government's Third set of Requests for Admission, no. 41 attached as Plaintiff's Exhibit 1.

For an infringement analysis, plaintiff needed access to samples of the various versions of complete electronic passports. Iris was not given access to samples of the various versions of complete electronic passports until June 12th, 2018. (see email chain between counsel for IRIS and the counsel for the Government, attached as plaintiff's Exhibit 3).

### C. Plaintiff's First Amended Complaint

The government erroneously states that IRIS' relies "**solely** on the doctrine of equivalents, and not literal infringement…"(emphasis in original) <u>Defendant's motion</u>, p. 4, citing to the Amended Complaint ¶14. Nowhere in the Amended Complaint does plaintiff state it relies "solely" on the doctrine of equivalents. As previously stated in the introduction above, ¶14 of the Amended Complaint starts with "By way of example:", and then goes on to give one example of infringement of claim 1 under the doctrine of equivalents, followed by ¶15 of the Amended Complaint, (quoted above at p. 3 of this opposition) which makes it clear that ¶14 was not a substitute for plaintiff's infringement contentions or claim construction statement, but rather was provided as one example of an infringement for notice purposes only.

### III. Conclusion

IRIS' first Amended Complaint, the subject of defendant's motion to dismiss under RCFC Rule 12(b)(6) states a cause of action for patent infringement under 28 U.S.C. 1498(a) under both 35. U.S.C. 271(a) and 271(g) type infringements by

alleging that electronic passports were manufactured overseas according to the '506 patented method without license or authority from the patent owner, and were used by and/or on behalf of the U.S. Government in the United States (a §271(g) type infringement) and by alleging that electronic passports were manufactured within the United States for the United States according to the '506 patented method without license or authority from the patent owner (a §271(a) type infringement).

The infringement allegations were neither limited by pleading nor by discovery responses or other prior or subsequent proceedings to literal infringement or infringement under the doctrine of equivalents, nor did any pleading, proceeding or discovery response limit plaintiff to any single one of the three exceptions to prosecution history estoppel, should plaintiff's infringement contentions include an equivalents argument and should thereafter the affirmative defense of prosecution history estoppel be asserted.

For these reasons the motion should be denied.


                                        Respectfully submitted,

                                        s/ *Stephen Norman Weiss*
                                        STEPHEN NORMAN WEISS
                                        Law office of Stephen Norman Weiss
                                        600 Third Avenue – Second Floor
                                        New York, NY  10016
                                        stephen@snweisslaw.com
                                        Telephone:   (646) 801-0371
                                        Facsimile:     (917) 591-4859


July 3, 2018                          COUNSEL FOR IRIS CORPORATION BERHAD